# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4380 | **DATE** | 7/15/2013 |
| **CASE TITLE** | Randall Stewart Guy (#2012-1205204) vs. Leonidas Ferreras | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and orders Cook County Jail officials to deduct $4.14 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The Clerk is directed to issue summonses for service on Defendant by the U.S. Marshals Service. The Clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for attorney representation [4] is denied without prejudice. Status hearing set for 9/13/2013 at 9:00 a.m.

■ **[For further details see text below.]**  Docketing to mail notices.

## STATEMENT

Plaintiff Randall Stewart Guy, an inmate in the custody of the Cook County Department of Corrections, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Ferreras, a Chicago police officer, violated Plaintiff's constitutional rights by using unjustified force against him during the course of an arrest. More specifically, Plaintiff alleges that after he surrendered, Defendant struck him with a gun for no reason and then beat him.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.14. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly **(CONTINUED)**

mjm

identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the complaint states a colorable claim under the Civil Rights Act. A police officer may use only "reasonable" force when effecting an arrest. *See Phillips v. Community Ins. Corp.*, 678 F.3d 513, 519-20 (7th Cir. 2012). While a more fully developed record may disprove Plaintiff's claims, Defendant must respond to the allegations in the complaint.

The Clerk shall issue summonses for service of the complaint on Defendant. The United States Marshals Service is appointed to serve Defendant. The Marshals Service shall send Plaintiff the appropriate service forms, and Plaintiff shall fill out those forms and return them to the Marshals Service. The Marshals Service is directed to make all reasonable efforts to serve Defendant. If Officer Ferreras can no longer be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshals Service with Defendant's last-known address. The information shall be used only for purposes of effectuating service, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file or disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant or, once defense counsel appears, to defense counsel. Each document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court.

Plaintiff's motion for attorney representation is denied without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, __ F.3d __, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the Court must examine "whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 2013 WL 2321349, at *3 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the **(CONTINUED)**

**STATEMENT (continued)**

plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

After considering the relevant factors, the court concludes that the solicitation of counsel is not warranted in this case. Although the complaint sets forth a cognizable cause of action, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff, whose initial submissions are coherent and articulate, appears more than capable of litigating this matter. Moreover, the case does not present difficult legal or factual issues. Therefore, Plaintiff's motion for attorney representation is denied at this time.